IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

APPROX. $11,320.00 IN U.S. CURRENCY, et al.,

        Defendants.

No. CIV 2:10-cv-1930-GEB-JFM

FINDINGS & RECOMMENDATIONS

/

Before the court is plaintiff United States of America's November 10, 2010 motion for default judgment, requesting (1) entry of default judgment against the interests of spouses Juan Brambilla-Lopez ("Brambilla-Lopez") and Paula Reyes Lara ("Lara") in approximately $11,320.00 in U.S. currency ("the defendant currency") and (2) entry of final judgment of forfeiture vesting plaintiff all right, title and interest in the defendant currency.

FACTUAL BACKGROUND

On March 19, 2010, the West El Dorado Narcotics Enforcement Taskforce ("WENET") set up surveillance at Brambilla-Lopez's residence at 4671 Holly Drive, Shingle Spring, California, after the El Dorado County Sheriff's Department received information that Brambilla-Lopez possessed methamphetamine.  (Compl., ¶ 7.)  Officers saw Brambilla-Lopez

1

leave the residence at approximately 1:30 p.m. (Id.) At approximately 1:40 p.m., Branbilla-Lopez was pulled over by other officers for speeding. (Id.) Brambilla-Lopez consented to a search and officers found 2.1 grams of a substance that tested positive for methamphetamine in a cigarette pack in his pocket. (Id.) Brambilla-Lopez was arrested and transported to El Dorado County Jail. (Id.)

Also on March 19, 2010, WENET officers executed a search warrant at Brambilla-Lopez's residence. (Compl., ¶ 8.) During the course of that search, officers found two plastic bags containing 99.4 grams of a substance that tested positive for methamphetamine, as well as another bag with 3.8 grams of a substance that tested positive for methamphetamine. (Id.) Officers also found $11,320.00 in U.S. currency inside a stuffed animal that was inside a black nylon bag with luggage tags bearing Brambilla-Lopez's name. (Compl., ¶ 9.) Both Brambilla-Lopez and his wife Lara denied any knowledge of the money or drugs. (Compl., ¶¶ 9-10.) Neither Brambilla-Lopez nor Lara had any employment history from 2006 to present. (Compl., ¶ 11.)

## PROCEDURAL BACKGROUND

On July 21, 2010, plaintiff filed the present complaint for forfeiture in rem against the defendant currency. On July 21, 2010, a warrant for arrest of articles in rem was issued. On July 29, 2010, the warrant was executed.

On July 22, 2010, plaintiff sent separate packets, each with copies of the complaint, application and order for publication, order regarding clerk's issuance of warrant for arrest, warrant for arrest, order setting status conference, and court notices, to Brambilla-Lopez and Lara by first class mail and by certified mail. (Mot. for Def. J., Teglia Decl. at ¶¶ 3-4, Exs. A-B.) Both packets were signed by "Paula Reyes" (Lara) on July 26, 2010. (Id.)

On July 20, 2010, personal service was attempted by the U.S. Marshal's Service on both Brambilla-Lopez and Lara at 4671 Holly Drive, Shingle Springs, CA 95682. (Doc. No.
/////

7.) Service was unsuccessful, however; the woman who answered the door denied knowing either Brambilla-Lopez or Lara, and also denied that they lived at the residence. (Id.)

Plaintiff further asserts that Brambilla-Lopez had actual knowledge of this forfeiture action. (Mot. for Def. J. at 5.) On August 25, 2010, Brambilla-Lopez's attorney David Dratman in the state criminal action contacted the plaintiff's attorney to discuss possible settlement and to discuss a date by which Brambilla-Lopez might file a claim. (Id., Door Decl., ¶¶ 4-5.)

On August 3, 2010, the undersigned authorized publication of the forfeiture action via the internet forfeiture website (www.forfeiture.gov) for at least thirty days. According to plaintiff's Declaration of Publication (Doc. No. 8), a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on August 4, 2010. To date, no claim or answer has been filed on behalf of Brambilla-Lopez or Lara.

On October 5, 2010, plaintiff moved for entry of default against Brambilla-Lopez and Lara. On October 7, 2010, default was entered as to both. On November 10, 2010, plaintiff filed a motion for default judgment and final judgment of forfeiture.

## LEGAL STANDARD

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the

3

entry of a default judgment and as to setting aside a default include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); the merits of plaintiff's substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at 1471-72; the possibility of a dispute concerning material facts, id.; whether the default was due to excusable neglect, id.; and, the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, id.

With respect to default judgments in proceedings that are in rem actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supp. R.") apply, but the latter rules prevail if there is an inconsistency. Supp. R. A(1). Supp. R. G(1) provides that the rule governs a forfeiture action in rem arising from a federal statute; to the extent that Rule G does not address an issue, Supp. Rules C and E also apply. Supplemental Rule G, which took effect on December 1, 2006, incorporates a common-sense approach to notice grounded in defined and recognized principles of due process of law. Supp. Rule G, Adv. Comm. Note on 2006 Adoption. The Advisory Committee Note indicates that the rule was added to bring together the central procedures governing civil forfeiture actions; it also states that the rule generally applies to actions governed by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) as well as those excluded from it; thus, the intended scope of application is very broad. The rule permits flexibility as to the time of service of any warrant and supplemental process. Id. The provisions for notice incorporate the traditional means of publication and adopt the general principle that notice should be effectuated by means reasonably calculated to reach potential claimants at a cost reasonable in the circumstances, and actual notice precludes a challenge to the government's failure to comply with the specific requirements of the rule set forth in Rule G(4)(b). Id.

/////

ANALYSIS

1. Judgment Sought

The court concludes that the notice given of the judgment sought satisfied Fed. R. Civ. P. 55(d) and 54(c), which require that a judgment by default shall not be different in kind from the relief sought, or exceed in amount that prayed for, in the demand for judgment. Plaintiff expressly sought in the complaint the types of relief sought by the instant application for default judgment, including a judgment of forfeiture of the defendant currency to the plaintiff United States.

2. Default and Entry of Default

The declarations and the court's docket demonstrate that no person or entity made a claim or answered the complaint within the requisite thirty-day period for filing a claim of 18 U.S.C. § 983(a)(4)(A) and Supp. R. G(5), and/or within the twenty-day period set forth in Supp. R. G(5) for filing an answer thereafter. Therefore, the Clerk appropriately entered the default of potential claimants Brambilla-Lopez and Lara on October 7, 2010.

3. Notice

The Declaration of Publication by plaintiff filed on September 7, 2010 establishes that a notice with the contents required by Supp. R. G(4)(a) was published on the official government internet site for thirty consecutive days as required by Supp. R. G(4)(a)(iv)(C).

With respect to Brambilla-Lopez and Lara, who both resided at 4671 Holly Drive, Shingle Springs, CA 95682, the declaration of Tammy Teglia and the Marshal's return of service establish that Brambilla-Lopez and Lara were served with the pertinent documents on July 26, 2010. Thus, the notice to Brambilla-Lopez and Lara complied with the requirements of Supp. R. G(4)(b).

The undersigned concludes that plaintiff has demonstrated that it has given notice by publication and the notice required to be given to potential claimants by Rule G(4).

/////

4.	Legal Sufficiency of the Complaint

   a.	Legal Standard

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. Alan Neuman Productions, Inc., 862 F.2d at 1392. Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

Under the CAFRA, which applies to this case, the government must prove by a preponderance of evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). Further, if the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the government shall establish that there was a substantial connection between the property and the offense. § 983(c)(3).

Supp. Rule G(2) requires that the complaint in a forfeiture action in rem arising from a federal statute be verified; state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; describe the property with reasonable particularity; identify the statute under which the forfeiture action is brought; and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

   b.	The Complaint

The complaint filed in this action was verified. (Compl. at 5.)

The bases for jurisdiction are identified as 28 U.S.C. §§ 1345 and 1355 (jurisdiction of civil proceedings commenced by the United States or an agency or officer thereof, and of actions to recover or enforce penalties or forfeitures under acts of Congress,

6

respectively) and 21 U.S.C. § 881(a)(6) (subjecting to forfeiture, among other things, all things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical, and all proceeds traceable to such an exchange). (Compl. at 1-2.)

The bases of venue are identified as 28 U.S.C. §§ 1355(b) (placing venue for a civil forfeiture action where the acts giving rise to the forfeiture occurred) and 1395 (placing venue for a civil forfeiture proceeding where the property is found). (Compl. at 1.)

The property is described with reasonable particularity.

It is stated that plaintiff proceeds pursuant to 21 U.S.C. § 881(a)(6), and that the defendant property, seized in March 2010 in Shingle Springs, California, constitutes money or things of value furnished or intended to be furnished in exchange for a controlled substance of listed chemical, proceeds traceable to such an exchange, and/or all moneys used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*. (Compl. at 2.)

In the complaint there are alleged sufficiently detailed facts to support a reasonable belief that the government would be able to meet its burden of proof at trial. The complaint detailed a surveillance of Brambilla-Lopez's residence based on information that Brambilla-Lopez possessed methamphetamine. When Brambilla-Lopez left his residence on March 19, 2010, officers pulled him over for speeding and, following his consent to a search, found methamphetamine in Brambilla-Lopez's possession. The officers then executed a search warrant of Brambilla-Lopez and Lara's residence where they found over 100 grams of methamphetamine and the defendant currency. Neither Brambilla-Lopez nor his wife, Lara, had an employment history since 2006.

These facts support a reasonable inference that the defendant currency was subject to forfeiture as proceeds/property traceable to proceeds or as property intended to be used to facilitate other violations. The totality of the circumstances reflects that a substantial connection between the property and the related drug offenses was demonstrated.

/////

5.   Status of Potential Claimants and Discretionary Factors

Here, no one has claimed an interest in the defendant currency or otherwise responded to the complaint despite adequate notice.  It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case.  No just cause for delay appears. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Based thereon, the court finds that plaintiff has shown its entitlement to a default judgment of forfeiture.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that

1. Plaintiff's November 10, 2010 motion for default judgment be granted; and

2. Plaintiff is entitled to, and the Clerk be directed to enter, a judgment that:

A.  The interest/s of Brambilla-Lopez and Lara in the defendant property are condemned and forfeited to the United States of America; and

B.  The right, title, and interest of all potential claimants in the defendant property, including but not limited to Brambilla-Lopez and Lara, are forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6), and are vested in the United States; and,

C.  All persons claiming any right, title, or interest in or to the defendant property have defaulted and no longer have any right, title, or interest in the defendant property whatsoever; and,

3. The Clerk of Court enter final judgment of forfeiture for plaintiff.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written

1  objections with the court and serve a copy on all parties. Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections
3  shall be served and filed within ten (10) court days after service of the objections.  The Court
4  will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties
5  are advised that failure to file objections within the specified time may waive the right to appeal
6  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;usa1930.def